## Case No. 16,753.

### UNITED STATES v. WOOD.

[2 Cranch, C. C. 164.] [1]

Circuit Court, District of Columbia. April Term, 1819.

COUNTERFEITING BANK-NOTE— PEREMPTORY CHALLENGES.

1. A defendant indicted for counterfeiting a bank-note in Alexandria, D. C., is entitled to a peremptory challenge, it being felony without benefit of clergy, by the Virginia acts of December 19, 1792, and December 8, 1794.

2. Falsely altering a promissory note in a material part, with intent to defraud any person, is a forging within the meaning of the statutes.

Indictment [against George Wood] for counterfeiting a note of the Mechanics' Bank of Alexandria.

Mr. Mason, for defendant, contended that the statutes of December 19, 1792, and December 8, 1794, do not punish the altering of a note; that altering is not forging, or counterfeiting, or making. The note had been originally a note of the Merchants' Bank, which had failed, and was altered so

---

¹ [Reported by Hon. William Cranch, Chief Judge.]

as to purport to be a note of the Mechanics' Bank, which was in good credit.

---

## Case No. 16,754.

### UNITED STATES v. WOOD.

[2 Gall. 361.] [1]

Circuit Court, D. Massachusetts. May Term, 1815.

RESISTING OFFICER — INSPECTOR OF CUSTOMS — RESIGNATION OF COLLECTOR.

The office of an inspector of the customs ceases with that of the collector who appointed him, and an indictment for resisting such inspector after the resignation of the collector, and before his being reappointed to office by the succeeding collector, cannot be sustained.

Indictment for resisting one Lewis, an inspector of the customs, in the execution of the duties of his office, founded on the 71st section of the act of March 2, 1799, c. 128 [3 Bior. & D. 200; 1 Stat. 678, c. 22]. At the trial, it appeared that Lewis was duly appointed an inspector of the customs by the late collector of Boston, since whose resignation he had been reappointed to the same office by the present collector, but the alleged resistance took place after the resignation of the former collector, and before the reappointment of Lewis, he having continued to act as inspector under his old commission. The question reserved at the trial was, whether Lewis was, under the circumstances, an inspector, against whom the offence could be committed.

G. Blake, for the United States.
J. T. Austin, for defendant.

Before STORY, Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice. The twenty-first section of the act of March 2, 1799, c. 128, provides, that the collectors of the customs shall, with the approbation of the principal officer of the treasury department, employ proper persons as weighers, gaugers, measurers and inspectors, at the several ports within their districts. The officers appointed by the collectors under this section hold their offices during his pleasure; and cease to be such upon his death, removal, or resignation, unless the law has enabled him to give more permanency to their offices. In respect to certain officers, the law has provided for the execution of their duties after their principal is out of office. Vide Rex v. Corporation of Bedford Dock, 6 East, 356.

---

¹ [Reported by John Gallison, Esq.]

Such, in case of the death of the collector, is the authority vested, by the 22d section of the act, in his deputy. No such provision exists in respect to inspectors. They depend for their employment upon the good will of each successive collector, and in practice it has always been understood, that unless appointed, or, in the language of the statute, employed by the collector actually in office, they are no longer officers of the customs. The indictment, therefore, cannot be sustained, and the defendant is entitled to judgment.